**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DANIEL HULL,

      *Plaintiff*,

v.

UNITED STATES ATTORNEY, *et al.*,

      *Defendants.*

Civil Action No. 16-2415 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel Hull, proceeding *pro se*, initiated this action by filing a complaint captioned "Civil Action for Demand for Discovery." Dkt. 1 at 1. He names as defendants an unspecified "United States Attorney"[1] and the Executive Office for United States Attorneys ("EOUSA"). *Id.* In 2002, Hull pled guilty to federal charges of bank robbery and use or carrying of a firearm in the commission of a violent crime, in violation of 18 U.S.C. § 924(c). *See Hull v. United States*, No. 15-cv-123-BBC, 2015 WL 5009998, at *1-2 (W.D. Wis. Aug. 18, 2015). In the present action, he alleges that his sentence for his 2002 conviction was enhanced based on an assault that he did not commit, and he demands that Defendants produce "all discovery documents" from his criminal proceeding, which he asserts will contain evidence demonstrating his "actual innocence" of the assault. Dkt. 1 at 1–2. Attached to Hull's complaint are several letters addressed to various federal agencies and private attorneys seeking discovery documents from his 2002 criminal case. *See id.* at 3–12. Thus, although styled as an

---

[1] The attachments to Hull's complaint suggest that he intends to name the U.S. Attorney for the Western District of Wisconsin. *See, e.g.*, Dkt. 1 at 7 (letter from John W. Vaudreuil, the U.S. Attorney for the Western District of Wisconsin, regarding Hull's FOIA request).

action for discovery, the complaint resembles an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

On the same day that he filed suit, Hull also filed a "Motion for an Order Compelling Discovery," seeking an entirely different set of documents. Dkt. 4 at 1. In that motion, he asks the Court to order Defendants to produce "[d]ocumentation and investigative reports" relating to a 2010 incident in which Hull allegedly intervened to stop an assault by another inmate on a corrections officer. *Id.* Hull explains that he needs this documentation to support a request for a reduction in his sentence under Federal Rule of Criminal Procedure 35.[2] *Id.* Although the attachments to Hull's motion indicate that the Bureau of Prisons is the custodian of these records, his pending complaint does not name the Bureau of Prisons as a defendant. In addition, the complaint says nothing about the events in 2010 and, instead, relates solely to his efforts to obtain records concerning his 2002 conviction. The Court will, accordingly, deny Hull's Motion for an Order Compelling Discovery about his alleged intervention in the assault on the corrections officer. *See* Dkt. 4. To the extent Hull has filed a proper FOIA request with the Bureau of Prisons relating to the 2010 events, has properly exhausted his administrative remedies, and has not received responsive records to which he is entitled, he may file a separate action seeking an order requiring the Bureau of Prisons to fulfill its FOIA obligations. This, however, is not such a suit.

Unlike his Motion for an Order Compelling Discovery, Hull's complaint—at least liberally construed—appears to name the proper parties: the United States Attorney's Office (for the Western District of Wisconsin, *see supra* n.1) and EOUSA. On its face, however, the

---

[2] The Court expresses no view on whether Hull's alleged assistance to a corrections officer falls within the scope of Rule 35.

complaint does not state a claim under FOIA but, rather, appears to seek "discovery" pursuant to Federal Rule of Civil Procedure 37(a). Dkt. 1 at 2. As a result, the Court entered an order directing that the parties show cause why the case should not be dismissed for failure to state a claim. Dkt. 13. As the Court noted, Hull "seeks various documents in discovery, but does not appear to assert an underlying cause of action separate from his request for documents." *Id.* The Court's order further advised Hull that "discovery is available . . . only in support of other claims asserted in a case, not as a freestanding entitlement." *Id.* And the Court concluded by noting that, "[t]o the extent [Hull] intends for his complaint to be construed as having been brought under [FOIA] . . . , he is advised that before bringing suit under that Act, he must first file a FOIA request with the relevant agency and must exhaust his administrative remedies." *Id.*

In responding to the Court's order, Defendants offer the declaration of John Kornmeier, EOUSA's liaison for FOIA matters. Dkt. 14-1. Kornmeier (1) acknowledges that "[b]y letter dated September 3, 2013, [Hull] submitted a [FOIA] request for the discovery in his criminal case;" (2) claims that EOUSA "responded to [Hull] with a partial release of records;" and (3) asserts that he has found "no evidence that [Hull] filed an administrative appeal of EOUSA's determination." Dkt. 14-1 at 2 (Kornmeier Decl. ¶¶ 4, 7–8). The attachments to Hull's complaint, moreover, confirm that Hull submitted a FOIA request to EOUSA dated September 3, 2013, seeking "a complete copy of the discovery" that was "generated by the U.S. attorney[']s office in Madison[,] [W]isconsin in case #01-cr-69-C-01 [p]ertaining to [Hull]." Dkt. 1 at 6. Accepting the fact that Hull did file a FOIA request with the proper entity, Defendants nonetheless contend that Hull's complaint fails to state a claim because there is no evidence or allegation that he has exhausted his administrative remedies. Dkt. 14 at 2.

3

Hull's response, captioned "Plaintiff's Motion To Show Cause," confirms that Hull did, in fact, file a FOIA request with "the relevant agency"—that is, EOUSA—and he confirms that he did, in fact, receive "various documents and papers" in response. Dkt. 15 at 1. He also appears to confirm, however, that he did not exhaust administrative remedies. Hull asserts that because the records he received were unresponsive, he assumed that the U.S. Attorney's Office for the Western District of Wisconsin did not possess any responsive records and, for that reason, he "assumed there was no need to appeal." *Id.*

In light of the liberal pleading rules applicable to *pro se* litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the parties' agreement that Hull filed a FOIA request with EOUSA, the Court will construe Hull's complaint as seeking to compel EOUSA to release additional records pursuant to that request. The Court is not yet persuaded, however, that Hull has stated a claim that can survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or a motion for summary judgment.

Under FOIA, "[e]xhaustion of administrative remedies is generally required before filing suit in federal court." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). FOIA provides "two ways for a requester to exhaust administrative remedies: actual exhaustion and constructive exhaustion." *Nat'l Sec. Counselors v. CIA*, 931 F. Supp. 2d 77, 95 (D.D.C. 2013). Actual exhaustion, or an administrative "appeal to the head of the agency," is required when an agency responds to a request. 5 U.S.C. § 552(a)(6)(A). Constructive exhaustion, by contrast, occurs "[w]hen an agency fails to respond to a request within twenty working days." *Nat'l Sec. Counselors*, 931 F. Supp. 2d at 95. Under that scenario, a requester "shall be deemed to have exhausted his administrative remedies" and may seek judicial review of the agency's failure to respond. 5 U.S.C. § 552(a)(6)(C)(i). "[A]n administrative appeal is mandatory," moreover, "if

4

the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed." *Oglesby*, 920 F.2d at 63.

Because the exhaustion requirement "is not jurisdictional," however, judicial review may sometimes proceed even when a requester has not exhausted his administrative remedies. *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). The key inquiry is whether "permitting [the plaintiff] to pursue judicial review without benefit of prior [agency] consideration would undercut 'the purposes of exhaustion, namely, preventing premature interference with agency processes, . . . afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, . . . [or] compil[ing] a record which is adequate for judicial review.'" *Id.* at 1259 (quoting *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993)); *see, e.g.*, *Nat'l Sec. Counselors v. U.S. Dep't of Justice*, 848 F.3d 467, 470 (D.C. Cir. 2017) (concluding that "the purposes of the exhaustion doctrine would not be served by declining to hear [plaintiff's] claim" given that his "two co-plaintiffs jointly asserting precisely the same claim in the same action [had] exhaust[ed]" their administrative remedies); *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (concluding that "the policies underlying the exhaustion requirement ha[d] been served" despite the plaintiff's "failure to comply with the [agency's] FOIA appeal deadline").

As the D.C. Circuit has instructed, when a court concludes that (1) a plaintiff has failed to exhaust his administrative remedies; and (2) reviewing his claim would undermine the purposes of exhaustion, the court should dismiss the claim under Federal Rule of Civil Procedure 12(b)(6). *See Hidalgo*, 344 F.3d at 1260; *see also Bayala v. U.S. Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 35 n.1 (D.C. Cir. 2016) (noting that "because exhaustion is generally considered to be an element of a FOIA claim," the "typical course of action" for an agency in a

FOIA suit is to "move . . . to dismiss for failure to exhaust under Federal Rule of Civil Procedure 12(b)(6)").

Here, Hull appears to concede (1) that EOUSA responded to his FOIA request before he filed the instant complaint; and (2) that he did not file an administrative appeal after receiving EOUSA's response. *See* Dkt. 15 at 1. The parties have not addressed, however, whether there is some reason why the Court should not strictly apply the exhaustion requirement in this case. As explained above, that is a difficult hurdle for a FOIA litigant to clear. But it is not an issue that the Court is prepared to resolve on the present record, where Defendants have not moved to dismiss and have devoted only four sentences to the exhaustion requirement in response to the Court's Order to Show Cause; where Hull is proceeding *pro se*; and where neither side has addressed whether the exhaustion requirement should be strictly enforced on the facts of this case. The Court will, accordingly, treat Defendant's response to the Court's Order to Show Cause as a motion to dismiss or, in the alternative, for summary judgment;[3] will afford Hull a final opportunity to address Defendants' contention that the Court should dismiss his complaint for failure to exhaust; and will permit Defendants to file a reply brief to address any new arguments Hull raises in his opposition.

Hull is advised that if he fails to address Defendants' exhaustion argument, the Court may decide the issue without considering Hull's arguments. Moreover, to the extent Hull disputes any of the facts asserted in the Kornmeier Declaration, Dkt. 14-1, he shall offer his own controverting declaration or other evidence. Hull is advised that, if he fails to controvert any of

---

[3] To the extent Defendants rely on the Kornmeier Declaration, their request that the Court dismiss the action is appropriately treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

the facts asserted in the Kornmeier Declaration, those facts may be accepted as true for the purpose of determining whether the complaint should be dismissed for failure to exhaust. *See* Fed. R. Civ. P. 56(e)(2).

Accordingly, it is hereby **ORDERED** that Defendants' response to the Court's Order to Show Cause shall be treated as a motion to dismiss or, in the alternative, for summary judgment; and it is further

**ORDERED** that Plaintiff shall file a further brief and any relevant evidence on or before September 20, 2017; and it is further

**ORDERED** that Defendants shall file a reply brief on or before October 4, 2017; and it is further

**ORDERED** that Plaintiff's Motion for an Order Compelling Discovery, Dkt. 4, is hereby **DENIED**.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date: August 22, 2017